FILED
October 11, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002990927

KATHLEEN M. ABDALLAH, SBN 137673
MATTHEW S. REYNOLDS, SBN 232327
KROLOFF, BELCHER, SMART,
PERRY & CHRISTOPHERSON
7540 Shoreline Drive (95219)
P.O. Box 692050
Stockton, CA 95269-2050
Telephone: (209) 478-2000
Facsimile: (209) 478-0354

Attorneys for Bankruptcy Trustee Gary R. Farrar

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT

In re

Judith G. Callaway,

        Debtor.
_____/

CASE NO. 10-92235-E-7

Chapter 7 Case

DC No. KMA-1

**TRUSTEE'S MOTION TO APPROVE SALE OF REAL PROPERTY**

Date: November 10, 2010
Time: 10:30 a.m.
Place: Modesto Division,
      1200 I Street, Suite 4
      Modesto, California
      Department E

Pursuant to 11 U.S.C. 363(b)(1), Gary R. Farrar, trustee in bankruptcy (the "Trustee"), through his undersigned counsel, hereby moves this Court for entry of an order approving the sale of Debtor's 8.333% interest in the real property commonly known as 1100 14th Street, Modesto, Stanislaus County, State of California (the "Property") more particularly described as follows:

    14th and K Streets, Lots 17-24, inclusive, in Block 110 as shown upon the Map entitled "City of Modesto," filed for record December 21, 1942 in Volume 15 of Maps, Stanislaus County Records.

In support this motion, the Trustee respectfully represents as follows:

    1.    This Court has jurisdiction over this matter under 28 U.S.C. sections 157 and 1334.

    2.    On June 10, 2010, debtor Judith G. Callaway filed a voluntary petition under Chapter

7 of Title 11, United States Code, in the above-entitled Court.

3. The Trustee is the duly appointed Chapter 7 Trustee of debtor's bankruptcy estate.

4. An ownership interest in certain real property inured to the bankruptcy estate including the Property at-issue in this motion.

5. The Property is titled in the name of the debtor.

6. The Property is subject to a Real Property Ownership Agreement (the "Ownership Agreement") a true copy of which has been filed as an **Exhibit "A"** to this motion and is incorporated herein by reference. Any purchaser of the Property, will be required to become a party to the Ownership Agreement if the purchaser is not already a party to the Ownership Agreement.

7. The Trustee duly provided notice to the other parties to the Ownership Agreement (the "Parties") of his intent to sell the Property. True copies of the Trustee's attorney's letters providing such notice have been filed as **Exhibit "B"** to this motion and are incorporated herein by reference.

8. On August 27, 2010, in response to the notice provided, Robert M. Hagopian (the "Buyer") submitted an offer to purchase the Property. A true copy of the Buyer's offer letter has been filed as **Exhibit "C"** to this motion and is incorporated herein by reference.

9. On or about September 16, 2010, the Trustee and the Buyer entered into an Agreement for Purchase and Sale of Real Property and Escrow Instructions (the "Agreement"), a copy of which has been filed as an **Exhibit "E"** to this motion and is incorporated herein by reference.

10. Under the Agreement, the purchase price of the Property is two hundred thousand dollars ($200,000) and the closing date is on or before sixty (60) days from the execution of the Agreement or fourteen (14) days subsequent to Notice of Entry of Order approving the sale, whichever comes first. (**Exhibit "E".**)

11. The Buyer has deposited with the Trustee an earnest money deposit of ten thousand dollars ($10,000).

12. According to "Schedule D – Creditors Holding Secured Claims" filed by the debtor, certain creditors hold secured liens against the Property. The Property is being sold "as is," pursuant

to those liens and encumbrances of record.

13. The Trustee believes that the sale of the Property to Buyer is in the best interest of the estate and the creditors.

14. The Trustee hereby requests the Court approve the bidding instructions contained in the notice of hearing filed contemporaneously with this motion, which has been served by regular mail on all of the Parties pursuant to Federal Rules of Bankruptcy Procedure, Rule 2002(a)(2) and Local Rule 9014-1.

15. 11 U.S.C. section 363(b)(1) provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

16. Under section 363, bankruptcy courts have wide discretion in approving sales of estate property. "They have 'ample latitude to strike a satisfactory balance between the relevant factors of fairness, finality, integrity, and maximization of assets.'" (Wintz v. American Freightways, Inc. (In re Wintz Cos.), 219 F.3d 807, 812 (8th Cir. 2000).)

17. Section 363 sales generally require a determination that the transaction is in the best interest of the estate. In making such a determination, Bankruptcy Courts may defer to the trustee's sound business judgment, requiring a determination only that the decision to sell is supported by some "articulated business justification." (Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991).) Stated another way, the Court normally should grant approval of the debtor's motion as long as it is not manifestly unreasonable or made in bad faith. (See Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.), 107 F.3d 558, 567 n.16 (8th Cir. 1997).)

18. Here, the Trustee has sound business reasons for the proposed sale. The Trustee believes the sale price is fair, as evidenced by the fact that it exceeds the debtor's valuation of the Property in her bankruptcy schedules by tens of thousands of dollars, and the sale price may increase due to competitive bidding at the hearing on this Motion. The Trustee submits this Motion provides ample notice to parties in interest of the proposed sale. The identity of the proposed Buyer has been disclosed and the Trustee has engaged in extensive, good faith negotiations with the Buyer, and believes the Buyer has also negotiated in good faith to acquire the estate's asset.

WHEREFORE, the Trustee respectfully requests entry of an order approving the sale of the Property pursuant to 11 U.S.C. section 363.

Dated: October 11, 2010

KROLOFF, BELCHER, SMART,
PERRY & CHRISTOPHERSON

By: *[signature]*
KATHLEEN M. ABDALLAH
Attorneys for Bankruptcy Trustee Gary R. Farrar

G:\KMA\FARRAR.CALLAWAY BK\03 PLEADING\MOTION TO APPROVE SALE OF REAL PROPERTY\MOTION TO APPROVE SALE OF REAL PROPERTY.wpd