4

KROLOFF, BELCHER, SMART,
PERRY & CHRISTOPHERSON
KATHLEEN M. ABDALLAH, SBN 137673
7540 Shoreline Drive (95219)
P.O. Box 692050
Stockton, CA 95269-2050
Phone: (209) 478-2000
Facsimile: (209) 478-0354

Attorneys for Gary R. Farrar,
Chapter 7 Bankruptcy Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re                                           CASE NO. 10-92235-E-7

    Judith G. Callaway,                   Chapter 7 Case

                  Debtor.        DC No. KMA-6

**TRUSTEE'S MOTION TO APPROVE SALE OF DEBTOR'S INTEREST IN LITIGATION AND FOR GOOD FAITH FINDING AND SUPPORTING POINTS AND AUTHORITIES**

Date: February 3, 2011
Time: 10:30 a.m.
Place: Modesto Division
       1200 I Street, Suite 4
       Modesto, California
       Department E

Pursuant to 11 U.S.C. section 363(b)(1) and 11 U.S.C. section 363(f), Gary R. Farrar, bankruptcy trustee (the "Trustee"), through his undersigned counsel, hereby moves this court for entry of an order approving the sale of debtor's interest in the civil litigation entitled <u>Judith G. Callaway v. Kemper CPA Group</u>, Superior Court of California, Stanislaus County case number 617340; <u>Judith G. Callaway v. Kemper CPA Group</u>, Superior Court of California, Stanislaus County case number 620750; and resulting <u>Judith G. Callaway v. Kemper CPA Group</u> appeal, California Court of Appeal, Fifth District, case number F060313 (collectively "the Callaway v. Kemper litigation").

FILED
December 20, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003154450

The Trustee further moves this court for a finding that the sale is in good faith. 11 USC section 363(m).

In support of this motion, the Trustee respectfully represents as follows:

1. This court has jurisdiction over this matter under 28 U.S.C. sections 157 and 1334.

2. On June 10, 2010, debtor Judith G. Callaway filed a voluntary petition in Chapter 7 of Title 11, U.S. Codes in the above-entitled court.

3. The Trustee is the duly appointed Chapter 7 trustee of debtor's bankruptcy estate.

4. Debtor's ownership interest in certain personal property inured to the bankruptcy estate including debtor's interest in the Callaway v. Kemper litigation at issue in this motion.

5. After discussions with debtor's counsel and counsel for Kemper CPA Group, counsel for Kemper CPA Group submitted an offer to purchase debtor's interest in the Callaway v. Kemper litigation. (Farrar Declaration, ¶ 4; Abdallah Declaration ¶ 2.) A true and correct copy of the buyer's offer electronic message is filed simultaneously herewith as Exhibit "A" to this motion and is incorporated herein by reference. (Farrar Declaration, ¶ 4; Abdallah Declaration ¶ 3.)

6. On or about November 30, 2010, the Trustee accepted the offer submitted by the buyer, a copy of which is filed simultaneously herewith as Exhibit "B" to this motion and is incorporated herein by reference.

7. The debtor's interest in the Callaway v. Kemper litigation is being sold "as-is," subject to any liens or encumbrances thereon. Debtor's schedules, however, do not reveal any liens or encumbrances on debtor's interest in the litigation.

8. The Trustee believes that the sale of debtor's interest in the Callaway v. Kemper litigation is in the best interest of the estate and the creditors. The estate does not have the financial ability to proceed with the litigation.

9. The Trustee hereby requests the court approve the bidding instructions contained in the notice of hearing filed contemporaneously with this motion, which has been served by

regular mail on all the parties pursuant to Federal Rules of Bankruptcy Procedure, Rule 2002(a)(2) and Local Rule of Court, Rule 9014-1.

10. 11 U.S.C. section 363(b)(1) provides as follows: "The Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."

11. 11 U.S.C. section 363(f) states that a trustee may sell property under subsection (b) or (c) of section 363 free and clear of any interest in such property of an entity other than the estate only if such interest is in a bonafide dispute. (11 U.S.C. section 363(f)(4).)

12. As a general matter, causes of action owned by the trustee are intangible items of property of the estate that may be sold. (See Simantob v. Claims Prosecutor, LLC (In re Lahijani 325 B.R. 282, 287 (B.A.P. 9th Cir. 2005).)

13. Under section 363, bankruptcy courts have wide discretion in approving the sale of estate property. The court should strive to strike a balance between the relevant factors of fairness, finality, integrity, and maximization of assets. (See Wintz v. American Freightways, Inc. (In re Wintz Cos., 219 F.3d 807, 812 (8th Cir. 2000).)

14. Section 363 sales generally require a determination that the transaction is in the best interest of the estate. In making such a determination, bankruptcy courts may defer to the trustee's sound business judgment, requiring a determination only that the decision to sell is supported by some articulated business justification. (Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Circuit 1991).) The court normally should grant approval of the debtor's motion as long as it is not manifestly unreasonable or made in bad faith. (See Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.), 107 F.3d 558, 563 (n) 16 (8th Cir. 1997).)

15. 11 U.S.C. section 363(m) allows the court to make a finding that the sale was in good faith which provides limited protection of the sale on an appeal. (Fitzgerald v. Ninn Worx Sr., Inc., 428 B.R. 872 (9th Cir. 2010).)

16. In this instance, the Trustee has sound business reasons for the proposed sale. The Trustee believes that the sale price is fair, for several reasons. The underlying state court

Callaway v. Kemper litigation resulted in a decision in favor of defendants, including Kemper CPA Group. Debtor filed an appeal in the California Court of Appeal, Fifth Appellate District. The Trustee does not have the resources with which to pursue the appeal. The Trustee submits this motion provides ample notice to parties in interest of the proposed sale. The identity of a proposed buyer has been disclosed and the Trustee has engaged in good faith negotiations with the buyer and has offered to debtor the opportunity to purchase from the bankruptcy estate her interest in the litigation. The Trustee believes the court may find that the sale in good faith pursuant to 11 U.S.C. section 363(m).

WHEREFORE, the Trustee respectfully requests entry of an order approving the sale of debtor's interest in the Callaway v. Kemper litigation, including the appeal, pursuant to 11 U.S.C. section 363. The Trustee further requests that the court making a finding that the sale was in good faith pursuant to 11 U.S.C. section 363(m).

Dated: December 20, 2010

KROLOFF, BELCHER, SMART,
PERRY & CHRISTOPHERSON

By: *[signature]*
KATHLEEN M. ABDALLAH
Attorneys for Gary R. Farrar,
Chapter 7 Bankruptcy Trustee

G:\KMA\FARRAR.CALLAWAY BK\03 PLEADING\MTN TO SELL LITIGATION.MPA.docx(mrw)